UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID W. CARVER,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C05-5455FDB

ORDER DENYING MOTION
PURSUANT TO 28 U.S.C. § 2255

Petitioner's motion asserts that his court-appointed attorney failed to inform him of the full consequences of his plea and the nature of the charges prior to his sentencing and that the Court imposed an illegal sentence "in light of the supreme courts rulings in Booker, Blakely, and Apprendi." [*sic*] The Government has responded and Petitioner has filed a reply.

The Presentence Report indicated a sentencing range of 57-71 months. At sentencing, the Probation Office recommended a mid-range sentence of 65 months. Both parties recommended a low-end sentence of 57 months imprisonment. The Court sentenced Carver to 57 months imprisonment.

A claim may not be raised in a habeas petition if the defendant had a full opportunity to be heard during the trial phase and on direct appeal and did not assert the claim. *See, e.g., Massaro v. United States*, 123 S. Ct. 1690, 1693 (2003). An exception is where a defendant demonstrates sufficient "cause" for the default and "prejudice" resulting from it. *Bousley v. United States*, 523 U.S. 614, 611 (1998).

ORDER - 1

*Blakely v. Washington*, 542 U.S. 296 (2004) was decided several months before Carver's guilty plea. The terms of Carver's plea agreement were drafted to address *Blakely*, which held that facts that increase a defendant's sentencing range must be submitted to a jury and found beyond a reasonable doubt. This rule applies to disputed facts, however, and does not apply to facts that a defendant admits, as in Carver's case. As the decision states, "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 124 S. Ct. at 2537.

At the hearing at which he pled guilty, Carver informed the Court that he was "very much" satisfied with his counsel's assistance and "absolutely" wanted her to remain his attorney. (Tr. Of Change of Plea, p. 9.) The Court reviewed all of the provisions in the Plea Agreement with Carver to confirm Carver's understanding of them, and the Court had the Government recite the facts in the case. (*Id.* at 13.) Carver did not receive ineffective assistance of counsel. Indeed, since he obtained a 57-month sentence when the range was 57-71 months and in view of the 65 months recommended by the Probation Department, he received the most favorable sentence possible.

Carver was sentenced on January 14, 2005. Carver had an opportunity to be heard at his sentencing, and Carver did not file an appeal. Thus, not only are Carver's claims without merit, his claims are procedurally defaulted and he may not raise these claims in a habeas petition.

NOW, THEREFORE, IT IS ORDERED: Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED, and this cause of action is DISMISSED.

DATED this 4th day of November, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2